IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NICHOLAS WARNER JONES,               *
aka CHARLES JONES, #171-785
          Plaintiff                  *

v.                                   *    CIVIL ACTION NO. RDB-11-2347

MARYLAND DIVISION OF CORRECTIONS
et al.                               *
          Defendants

                         ******

## MEMORANDUM OPINION

On March 31, 2005, a civil rights action filed by Plaintiff was dismissed for the third time pursuant to 28 U.S.C. §1915(e). *See Jones v. Grant*, Civil Action No. RDB-05-476 (D. Md. 2005). Plaintiff was advised that from that time forward he would not be permitted to file a civil action or proceeding unless he pays the full filing fee at the time of filing or unless he is under imminent danger of serious physical injury.

The above-captioned case was filed by Plaintiff on August 18, 2011, and was docketed as a civil rights action filed pursuant to 42 U.S.C. §1983. No filing fee accompanied the filing of this case. As Plaintiff was not under imminent danger of serious physical injury, he was given fourteen days to pay the full filing fee and advised that his failure to pay the full filing fee within the requisite time would result in dismissal of his case. ECF No. 3.

The Court is in receipt of a $5.00 filing fee from Plaintiff. To the extent Plaintiff raises a civil rights claim; the claim is dismissed for his failure to pay the full filing fee.

To the extent Plaintiff intended to file a Petition for Writ of Habeas Corpus,[1] same shall also be dismissed. His complaint is not a picture of clarity. It appears, however, that he is asserting two claims: one that his state court sentence is excessive, and a secondly, that the provisions of 28 U.S.C.

---

[1] Plaintiff has used forms for filing a petition pursuant to 28 U.S.C. § 2241.

§ 2244 allowing only one Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is unconstitutional.[2] ECF No.1. For the reasons that follow, the Petition shall be dismissed.

Regardless of the label used by Jones, the subject matter of the motion, and not its title, determines its status. *See e.g., Calderon v. Thompson,* 523 U.S. 538, 554 (1998). The Petition raises claims regarding the imposition of his sentence and as such is properly construed pursuant to 28 U.S.C. §2254. As Petitioner has previously been advised by this Court, his claim attacking his state court sentence is a successive habeas petition and this Court is without jurisdiction to review same.[3]

As Petitioner is aware, under 28 U.S.C. § 2244, he may only file a second or successive habeas corpus petition if he has first moved the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3). The pending application is successive; therefore, before this Court may consider it, the United States Court of Appeals for the Fourth Circuit must enter an order authorizing the Court to do so. *See* 28 U.S.C. § 2244(b)(3)(A); *see also In re Vial,* 115 F.3d 1192, 1197-98 (4th Cir. 1997). Because it does not appear that Petitioner has complied with this "gatekeeper" provision, his pending application for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a "motion" to obtain the aforementioned authorization order. The procedural requirements and deadlines for filing the "motion" are extensive. Consequently, this Court has attached hereto a

---

[2]Petitioner's claim that 28 U.S.C.§ 2244 is unconstitutional shall be dismissed pursuant to *Felker v. Turpin,* 518 U.S. 651, 665 (1996) (provision of AEDPA limiting second and successive habeas petitions does not constitute a suspension of the writ contrary to Article I). Plaintiff's complaint that 28 U.S.C. §2244(b) is overbroad and an unconstitutional ex post facto law was previously dismissed.*See Jones v. The United States Congress,* Civil action No. BEL-02-3322 (D. Md. 2002).

[3]On February 20, 1991, Petitioner's first habeas action was dismissed without prejudice due to Petitioner's failure to exhaust state court remedies. *See Jones v. Rollins,* Civil Action No. HFM, 91-354 (D.Md). On November 19, 1991, Petitioner re-filed his habeas action in this Court. *See Jones v. Smith,* Civil Action No. BEL-91-3274. That case was also dismissed without prejudice. On August 13, 1993, Jones again filed a federal habeas corpus challenge to his 1984 conviction. *See Jones v. Smith,* Civil Action No. L-93-2364 (D. Md. 1993). The petition was denied **with prejudice** on November 25, 1996. Petitioner's subsequent efforts to attack his state court proceedings were dismissed as successive petitions. *See e.g. Jones v. Corcoran,* Civil Action No. BEL-96-1465; *Jones v. Sondervan,* Civil Action No. BEL-01-049 (D. Md. 2001); *Jones v. Conroy,* BEL-01-1792 (D. Md. 2001); *Jones v. Peguese,* Civil Action No. BEL-02-2968 (D. Md. 2002); *Jones v. Rowley,* Civil Action No. RDB-06-1510; (D. Md. 2006)

packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Petitioner wish to seek authorization to file a successive petition. It is to be emphasized that Petitioner must file the "motion" with the Fourth Circuit and obtain authorization to file his successive petition before this Court may examine his claims.

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a state court or the final order in a proceeding under section 2255.

Insofar as the Petition may be construed as complaining of detention arising out of process issued by a state court, the Court shall address the COA request. *See Montez v. McKinna,* 208 F.3d 862, 869 (10th Cir. 2000) (holding that § 2253(c)(1)(A)'s requirements apply when a state habeas petitioner is proceeding under § 2241). Because Petitioner has not made a "substantial showing of the denial of a constitutional right," the Court denies his request for a certificate of appealability. 28 U.S.C. § 2253(c)(2) (providing that a COA "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right").

A separate Order follows.

OCTOBER 3, 2011
Date

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

3